IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| KENNETH MILLER ARCHITECTURE, LLC and KENNETH MILLER,<br><br>    Plaintiffs,<br><br>vs.<br><br>SABAL HOMES LLC and TOLL BROS., INC.,<br><br>    Defendants. | No. 2:22-cv-02891-DCN<br><br>**ORDER** |

  This matter is before the court on plaintiffs Kenneth Miller Architecture, LLC ("KMA") and Kenneth Miller's ("Miller") (together, "plaintiffs") motion to strike defendant Sabal Homes LLC's ("Sabal Homes") affirmative defenses, ECF No. 18, and motion to strike defendant Toll Bros., Inc.'s ("Toll Bros.," along with Sabal Homes, "defendants") affirmative defenses, ECF No. 19. For the reasons set forth below, the court denies both motions to strike.

## I.  BACKGROUND

  This action arises from the alleged infringement and misuse of five[1] copyrighted architectural designs (collectively, the "Designs"). Miller alleges that he originally authored the Designs and assigned all rights, titles, and interests in the Designs to KMA. Defendants allegedly infringed upon the Designs by, among other acts, copying the

---

[1] At one point, defendants argue that four residential architectural plans are at issue, ECF No. 21 at 1, while plaintiffs argue at least five are at issue, including the "Hayward Design," the "Kiawah Design," the "Morris Design," the "Palisade Design," and the "Seabrook Design," ECF No. 18-1 at 2. The factual dispute (to the extent there is one) is immaterial for purposes of the instant motions.

1

Designs in their own home designs, using the Designs in their marketing and advertising, and selling homes using the Designs.

On August 30, 2022, KMA filed suit against defendants in this court, alleging causes of action for (1) copyright infringement, (2) false advertising violations under the Lanham Act, (3) breach of contract, (4) violation of the South Carolina Unfair Trade Practices Act, and (5) unjust enrichment. ECF No. 1. On November 21, 2022, defendants filed a motion to dismiss. ECF No. 10. Of relevance here, defendants argued that since KMA had not obtained copyright registrations for the Designs prior to bringing a cause of action for copyright infringement, the case was subject to dismissal pursuant to 17 U.S.C. § 411(a). ECF No. 10-1 at 4.

Following the filing of the original complaint, KMA obtained copyright registrations for the Designs, and accordingly, plaintiffs filed an amended complaint on December 1, 2022. ECF No. 13, Amend. Compl. The amended complaint added Miller as a plaintiff and added factual allegations about the copyright registrations for the Designs. Amend. Compl. ¶ 11. In lieu of pursuing a dismissal based on the defect in the original complaint, defendants ultimately reached an agreement with plaintiffs to treat the amended complaint as if it created a newly-instituted action, including for purposes of calculating the statute of limitations. On December 12, 2022, the court entered a consent order reflecting the parties' agreements. ECF No. 15. On January 3, 2023, Sabal Homes filed its answers and affirmative defenses. ECF No. 16. On the same day, Toll Bros. filed its answers, affirmative defenses, and a counterclaim. ECF No. 17.

On January 23, 2023, defendants filed a motion to strike Sabal Homes' affirmative defenses, ECF No. 18, and a motion to strike Toll Bros.' affirmative defenses,

ECF No. 19. Defendants filed separate responses in opposition on February 6, 2023. ECF Nos. 21, 22. On February 13, 2023, plaintiffs filed separate replies in support of both motions. ECF Nos. 25, 26. As such, both motions have been fully briefed and are now ripe for review.

## II.  STANDARD

Federal Rule of Civil Procedure 12(f) provides:

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

(1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Motions to strike "are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" Waste Mgmt. Holdings v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A Wright & Miller, Federal Practice & Procedure § 1380 (1990)). When presented with a motion to strike, "the court must view the pleading under attack in a light most favorable to the pleader." Clark v. Milam, 152 F.R.D. 66, 71 (S.D. W. Va. 1993). Accordingly, a district court should deny a request to strike unless the challenged allegations "have no possible relation to the controversy and may cause prejudice to one of the parties." Graff v. Prime Retail, Inc., 172 F. Supp. 2d 721, 731 (D. Md. 2001), aff'd sub nom., Marsh Grp. v. Prime Retail, Inc., 46 F. App'x 140 (4th Cir. 2002). In other words, "[a] matter should not be stricken unless it has no possible bearing upon the litigation." Morton v. Town of Wagram, 2001 WL 68232, at *2 (M.D.N.C. Jan. 19, 2001) (internal quotation marks and citation omitted). The moving party bears a

"sizeable burden" to show that striking a matter from party's pleading is justified. Adams v. 3D Sys., Inc., 2019 WL 8754875, at *11 (D.S.C. Nov. 26, 2019), report and recommendation adopted, 2020 WL 1527056 (D.S.C. Mar. 31, 2020). "[T]he decision of whether to strike all or part of a pleading rests within the sound discretion of the [c]ourt." Barnes v. Dist. of Columbia, 289 F.R.D. 1, 6 (D.D.C. 2012) (citations omitted).

### III.   DISCUSSION

Although plaintiffs filed separate motions to strike for each of defendants' affirmative defenses, the motions should, for practical purposes, be considered in tandem because they concern the same issues. Plaintiffs move to strike the fifth and sixth affirmative defenses in both Sabal Homes and Toll Bros.' answers. In both answers, the fifth affirmative defense is titled "Failure of necessary registration of claimed copyrights due to fraud." ECF No. 16 at 7; ECF No. 17 at 7. In both answers, the sixth affirmative defense is titled "Non-copyrightability of plaintiffs' contributions." ECF No. 16 at 9; ECF No. 17 at 10. Therefore, instead of considering each motion separately, the court addresses each affirmative defense in turn.

#### A.  Fifth Affirmative Defense

Before diving into their specific reasons for seeking to strike the affirmative defenses, plaintiffs broadly argue that affirmative defenses are pleadings and are therefore subject to the same pleading standards that apply to complaints, including the standards articulated in Bell Atlantic Corp. v. Twombly, 550 U.S. 570 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). E.g., ECF No. 16 at 4. Plaintiffs also correctly note that Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard for allegations of fraud or mistake. The Fourth Circuit has held "that defendants must

4

satisfy Rule 9(b) when they plead affirmative defenses sounding in fraud." <u>Bakery & Confectionary Union & Indus. Int'l Pension Fund v. Just Born II, Inc.</u>, 888 F.3d 696, 704 (4th Cir. 2018). Defendants do not dispute this part of plaintiffs' argument, <u>see, e.g.</u>, ECF No. 21 at 6, and the court agrees to adopt those standards. Nevertheless, for the reasons outlined below, the court finds that it would be premature to strike the fifth affirmative defense for failure to plead fraud.

Defendants' fifth affirmative defense begins by stating: "17 U.S.C. §[]411(a) makes registration of a work with the United States Copyright Office a mandatory prerequisite for initiating any claim for copyright infringement." <u>E.g.</u>, ECF No. 16 ¶ 22. Plaintiffs point out that under the consent order, "[t]he defendants agree[d] not to seek dismissal of that first cause of action pursuant to 17 U.S.C. § 411(a) for lack of copyright registration, unless and until the plaintiffs' alleged October 19 and 21 copyright registrations are determined to be invalid." ECF No. 15 at 2. Plaintiffs argue that based on the consent order, the court should strike any reference to 17 U.S.C. § 411(a) because plaintiffs registered copyrights for the Designs and the parties agreed to resolve the issue. <u>E.g.</u>, ECF No. 18-1 at 7.

As the second clause in the sentence above indicates, however, the consent order does not preclude defendants from arguing that the copyright registrations were invalid to begin with. And that appears to be exactly what defendants assert in their fifth affirmative defense. Namely, defendants allege, among other things, that plaintiffs misrepresented that Miller was the sole author of the Designs to the United States Register of Copyrights, meaning the copyright registrations supporting plaintiffs' infringement claims are invalid due to fraud. <u>E.g.</u>, ECF No. 16 ¶ 24. Therefore, the

5

proper issue is whether defendants have properly asserted an affirmative defense sounding in fraud under Rule 9(b).

"The Rule 9(b) standard requires a party to, 'at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Just Born II, 888 F.3d at 705 (quoting U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 379 (4th Cir. 2008)). "These facts are often referred to as the who, what, when, where, and how of the alleged fraud." Id. (internal quotation marks and citation omitted). The court finds that defendants have sufficiently pled facts to support their allegations of fraud here. Defendants have identified the time and place of the alleged misrepresentations, alleging that plaintiffs made the misrepresentations in their copyright registrations for the Kiawah, Morris, Palisade, and Seabrook designs on October 19, 2022, and for the Hayward design on October 21, 2022. E.g., ECF No. 16 ¶ 23. Defendants have also included the specific representations that they allege were fraudulently made to the Register of Copyrights. These include alleged misrepresentations that Miller was the sole author of the Plans, that he created the Designs prior to performing any work for defendants, and that the Designs were published on March 31, 2013. Id. ¶¶ 11(d), 24.

In response to those arguments, plaintiffs argue that they "have clearly demonstrated through facts and supporting exhibits that [] Miller has authored Plaintiffs' Architectural Works." ECF No. 18-1 at 7. But a failure to prove fraud is not tantamount to a failure to plead fraud under Rule 9(b). Just as plaintiffs are not required to prove every allegation in their complaint at this stage, defendants are not required to prove every allegation in their affirmative defenses. Cf. Rogers v. Unitedhealth Grp., Inc., 144

6

F. Supp. 3d 792, 803 (D.S.C. 2015) (explaining that the merits of an affirmative defense generally cannot be used to sustain a motion to dismiss).  This error in reasoning is plainly seen in plaintiffs' reply, wherein they argue that defendants failed to support their allegations of fraud with any particularity—referring to defendants' allegations that defendants were the ones who authored the Designs and that defendants used the Designs prior to any work by plaintiffs.  ECF No. 25 at 3.  Specifically, plaintiffs aver that defendants made the allegations "without providing any particularity surrounding the circumstance why they should be considered to have authored the plans instead of Plaintiff Miller" and "without providing any particularity concerning the circumstances over the Plans that were used for these homes."  Id.  The court could just as easily substitute the word "evidence" for the word "particularity" in plaintiffs' argument and the crux of their argument would be the exact same.  But in ruling upon a motion to strike affirmative defenses sounding in fraud, the court does not reach the merits of the claims. Instead, the court considers these facts under the particularity standard articulated by Rule 9(b) to evaluate the motion to strike, including whether the circumstances make up the relevant elements of a fraud claim.

Related to that last issue, plaintiffs offer a brief argument that defendants failed to "provid[e] particularities" about why an allegedly incorrect statement about the first publication date of March 31, 2013, would cause the Register of Copyrights to refuse registration.  ECF No. 25 at 4.  Although it is true that "inadvertent mistakes on registration certificates [do] not invalidate a copyright and thus [do] not bar infringement actions," plaintiffs ignore defendants' broader claim that plaintiffs made misrepresentations—including about the authorship—willfully and with actual

knowledge of their falsity. Unicolors, Inc. v. H&M Hennes & Mauritz, L.P., 142 S. Ct. 941, 947 (2022) (citing Urantia Found. v. Maaherra, 114 F.3d 955, 963 (9th Cir. 1997)). Plaintiffs may yet be able to prove that no material misrepresentations were made such that the copyright registrations were valid, but it would be premature for the court to weigh the evidence and rule on that issue now. For those reasons, the court finds that defendants properly alleged with particularity the circumstances constituting fraud such that the defense survives the motion to strike.

### B. Sixth Affirmative Defense

Under defendants' sixth affirmative defense, titled "Non-copyrightability of plaintiffs' contributions," defendants allege that "[a]ll original expressions or creative aspects of the works that are the subject of the Complaint that are protected by the United States Copyright Law were authored and are owned by the defendants." E.g., ECF No. 16 ¶ 30. Defendants further allege that to the extent plaintiffs contributed to the works, such contributions failed to qualify plaintiffs as original authors. Id. ¶ 31.

Plaintiffs' argument in their motions to strike the sixth affirmative defense face many of the same pitfalls as before. For example, plaintiffs contend that "[t]he allegation that the works 'were originally authored by and were done under the express direction, supervision, and control of, Sabal Homes,' is not at all supported by the facts in the Complaint and not supported by the Answer[,] including Sabal Homes' Affirmative Defenses." ECF No. 18-1 at 11. But the allegations do not need to be supported by evidence at this stage. Assuming the pleading standards under Twombly and Iqbal apply

to the affirmative defenses,[2] those defenses simply need to provide the "grounds of [the defendant's] entitlement to relief"—meaning "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 570 (internal quotation marks and citation omitted). Here, defendants have not merely alleged that the Designs are not copyrightable; the assertion that the Designs were originally authored by defendants is itself a factual allegation underpinning that defense.

Similarly, plaintiffs' arguments about whether ownership of the Designs vested with Miller require weighing the evidence and are thus premature. Certainly, plaintiffs cite the correct law on copyright ownership. Copyright ownership of a work is presumed to vest in its author, unless the author's employer can establish that it is a "work made for hire." Cmty. for Creative Non-Violence v. Reid, 490 U.S. 730, 737 (1989). If a work is one made for hire, the employer for whom it was prepared is considered the author and is presumed to own the copyright. Id. "The work-for-hire exception is overridden only by a clear writing, signed by the parties, that reserves authorship rights to the employee." McKenna v. Lee, 318 F. Supp. 2d 296, 299–300 (citing 17 U.S.C. § 201(b)). "[T]o show that a work is made for hire, an employer must show that it was (1) created by an employee (2) acting in the scope of the employment relationship." Id. at 300 (citing 17 U.S.C. § 101).

Plaintiffs argue that the work-for-hire exception does not apply because Miller controlled the manner and means through which the Designs were developed. In

---

[2] Plaintiffs also briefly argue that the sixth affirmative defense should, like the fifth affirmative defense, be subject to the Rule 9(b) heightened pleading standards for claims sounding in fraud. ECF No. 18-1 at 13–14. Assuming, without deciding, that is true, the court finds that the standard has been met for the same reasons articulated in Section III.A., supra.

9

presenting the argument, plaintiffs refer to several facts, including a claim that any benefits received for Miller's designs were taxable through KMA. ECF No. 18-1 at 12. The issue is that nothing in the pleadings allows the court to weigh the evidence and determine, as a dispositive matter, whether Miller was an employee for purposes of the made-for-hire rule. Indeed, defendants' answers pointedly allege that defendants were the ones who "created the designs" in the first place and had done so "several years prior to any work by plaintiffs." ECF No. 16 ¶ 11(d). Defendants further allege that they provided those designs to Miller—either when he was with KMA or when he was employed with another firm, Clarke Design Group, LLC—for his firms to draft the drawings. These allegations directly contravene plaintiffs' allegations in the amended complaint. Id. In short, defendants' answers contain factual matter that, when accepted as true, state a plausible defense. The court therefore denies the motion to strike the sixth affirmative defense.

### III.   CONCLUSION

For the reasons set forth above, the court **DENIES** the motions to strike.

**AND IT IS SO ORDERED.**

                              DAVID C. NORTON
                              UNITED STATES DISTRICT JUDGE

**March 9, 2023**
**Charleston, South Carolina**